IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WILLIAM BRANDON CUMMINGS | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| PATRICIA H. JENKINS | : | NO. 09-cv-0251-JF |

MEMORANDUM

Fullam, Sr. J.                                                   January 19, 2010

       Plaintiff, a prisoner, has filed a *pro se* complaint against Patricia H. Jenkins, a Judge of the Delaware County Court of Common Pleas, alleging violations of his civil rights. Plaintiff also filed a motion to proceed *in forma pauperis*. On January 29, 2009, that motion was denied without prejudice and the case was closed. The Order stated that if Plaintiff filed a statement of his intent to proceed with the lawsuit and incur the $350 filing fee the case would be re-opened.

       On April 17, 2009, Plaintiff submitted a "Supplemental Amendment to Complaint," which added claims for declaratory and injunctive relief against the Defendant. Because the amendment sufficiently expresses Plaintiff's intent to proceed with the lawsuit, the motion to proceed *in forma pauperis* is granted.

       Because the complaint fails to state a claim on which relief may be granted, the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). Plaintiff alleges that Defendant arbitrarily appointed counsel to represent him at his hearing for

post-conviction relief, denied him access to the courts, and violated her oath of office.  Plaintiff also alleges that he is the victim of an unconstitutional conviction.

Judges have absolute immunity from 42 U.S.C. § 1983 actions seeking money damages for actions performed in a judicial capacity.  Stump v. Sparkman, 435 U.S. 349 (1978).  Nothing in this complaint suggests that Defendant was acting outside of her judicial capacity in connection with Plaintiff's case.  Plaintiff's claims for monetary relief must be dismissed.

The claims seeking injunctive relief also must be dismissed as the same statute bars actions against judicial officers for injunctive relief unless a declaratory decree was violated or declaratory relief was unavailable, neither of which is alleged here.  42 U.S.C. § 1983.

To the extent that Plaintiff seeks declaratory relief from an allegedly unconstitutional conviction, Plaintiff cannot proceed to challenge his sentence in a civil suit under § 1983, but instead would need to file a petition for a writ of *habeas corpus*.

An order will be entered.

BY THE COURT:

/S/ John P. Fullam
John P. Fullam,   Sr. J.